IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MAURECE KAVEL,

Petitioner,

vs. No. CIV 07-508 MV/LFG

GEORGE TAPIA, Warden,

Respondent.

**MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDED DISPOSITION**[1]

**Findings**

1. This is a proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed May 22, 2007. Respondent filed his Answer [Doc. 6] on July 9, 2007. Petitioner Maurece Kavel ("Kavel") challenges the judgment and sentence entered June 13, 2005 by the Twelfth Judicial District Court in State v. Kavel, No. CR 2003-348 (County of Otero, New Mexico).

Factual and Procedural Background

2. Kavel was convicted upon his plea of no contest to four counts of forgery for issuing checks on a closed account of his father's. Despite previous questions on the record as to Kavel's competence, both counsel and Kavel represented to the court at the plea hearing that he was competent to enter the plea and that he understood the consequences. Judgment was entered on

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

December 23, 2003. Sentencing was deferred for five years, and Kavel was placed on supervised probation during that period and ordered to obtain treatment to address his mental and substance abuse issues. [Doc. 6, Exs. A, L]. The Judgment also provided that Kavel's probation officer could require random urinalysis tests and perform warrantless searches of Kavel's person, vehicle and residence. Id..

3. On January 20, 2005, the State filed a Petition for Probation Revocation, alleging that Kavel violated the terms of his probation when a urine sample taken on December 9, 2004 tested positive for cocaine. An Amended Petition was filed on May 9, 2005, alleging that Kavel further violated his probation in that he was arrested on April 6, 2005 and charged with embezzling a vehicle belonging to his father and transferring it to a third party. [Doc. 6, Exs. F, G].

4. Kavel pled no contest to the probation violations. At the plea hearing, counsel and Kavel again reviewed Kavel's mental health diagnoses and stated that Kavel was competent to enter a plea. By Judgment dated June 13, 2005, the state district court found that Kavel violated the terms of his probation. The court revoked his probation, reaffirmed the earlier judgment that Kavel is guilty of four counts of forgery, and ordered that Kavel be incarcerated for three years on each count. The sentences were to run consecutively for a total period of 12 years, with six years suspended. [Doc. 6, Exs. H, L].

5. Kavel did not appeal his conviction. On August 18, 2005, he filed a Motion for Modification of Sentence, based on a subsequent forensic evaluation. The results of that evaluation were presented to the court in November 2005; the report found Kavel to be competent and recommended long-term inpatient treatment for mental health and substance abuse issues. [Doc. 6, Exs. I, L]. The Motion for Modification of Sentence was denied by the state district court on

November 10, 2005 [Doc. 6, Ex. J, at 2].

6. On July 27, 2006, Kavel filed a petition for writ of habeas corpus in the state district court [Doc. 6, Ex. K; Ex. J, at 2]. This petition was denied by the state district court on October 4, 2006, and Kavel sought certiorari review by the New Mexico Supreme Court, which was denied on January 5, 2007 [Doc. 6, Exs. L, M, N].

7. Kavel filed his federal habeas petition on May 22, 2007.[2] As grounds for federal habeas review, Kavel alleges that his bond was excessive and cruel; that he was incompetent to stand trial or plead; and that he received ineffective assistance of counsel. These are the same three grounds raised in Kavel's state habeas petition. In denying that petition, the state district judge held:

> Defendant's claims are without merit. The sentence which Defendant is serving is unconnected to the bond . . . . Although Defendant has documented mental health problems and was considered incompetent by an early evaluation, he was determined to be competent at the time of the initial plea and again at the time of the plea to violating his probation, and was found competent by an evaluation conducted at or around the time of his sentencing to the Department of Corrections. There is no evidence that counsel neglected to present any viable defense. Instead, counsel negotiated an advantageous initial plea, successfully argued for a deferred sentence with treatment, and argued again for treatment after Defendant violated probation, and again upon receipt of the most recent evaluation. Defendant's sentence is the result of his criminal behavior and inability to refrain from substance abuse.

[Doc. 6, Ex. L, at 3-4].

---

[2]Kavel was released on parole on July 8, 2007. [*See*, Docs. 7, 8]. He notified the Court that he intends to continue to pursue his habeas petition and asks that he be released completely from the parole/probation and from the six year suspended sentence. The Court finds that Kavel's release on parole does not moot his petition. Spencer v. Kemna, 523 U.S. 1, 118 S. Ct. 978 (1998); Olson v. Hart, 965 F.2d 940, 942-43 (10th Cir. 1992).

Discussion

8. In his Answer to Kavel's federal petition, Respondent contends that Kavel's claims are barred by the one-year limitation period in 28 U.S.C. § 2244(d).

9. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended federal habeas corpus procedures by adding a one-year statute of limitations, among other things. A prisoner such as Kavel, whose conviction became final after AEDPA's effective date, has one year to file his federal habeas petition. The limitations period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A), or alternative triggering events not relevant here. This limitations period is tolled by any time spent pursuing state post-conviction relief by means of a properly filed application for habeas relief or other collateral review. 28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998).

10. Kavel did not seek direct review of his conviction or sentence, and the time for filing an appeal expired 30 days after entry of final judgment. N.M.S.A. (1978) § 39-3-3(A)(1). The judgment which Kavel attacks in this petition was entered June 13, 2005; his conviction therefore became final for purposes of AEDPA on July 13, 2005. Thus, the period for filing his federal habeas petition expired on July 13, 2006 but would be tolled for any time spent pursuing post-conviction relief in state court.

11. As discussed above, Kavel filed a timely Motion for Modification of Sentence on August 18, 2005, and it was denied on November 10, 2005. This tolled the limitations period for 84 days.

12. Kavel thereafter filed a petition for habeas corpus in state court on July 27, 2006. It was rejected, and the state supreme court denied certiorari on January 5, 2007. The petition was thus

pending for 162 days. An additional 15 days will be added to the tolling period, as this is the time period within which Kavel could have filed a motion for rehearing on the denial of certiorari under N.M.R.A. Rule 12-404(A).[3]

13. The total period of time during which Kavel was pursuing state post-conviction relief comes to 261 days (84 + 162 + 15). Therefore, Kavel should have filed his federal habeas petition, at the latest, 261 days after July 13, 2006, or by April 2, 2007. He filed his petition on May 22, 2007, outside the AEDPA limitations period.

14. Kavel has not demonstrated any reason for delaying accrual of the limitations period under 18 U.S.C. §2244(d)(1)(B)-(D), nor any of the "rare and exceptional circumstances" which might justify equitably tolling the period. *See*, Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998).

15. The Court finds that Kavel's petition is time-barred and recommends that Respondent's request for dismissal be granted.

**Recommended Disposition**

That the petition be denied as time-barred and the action be dismissed with prejudice.

Lorenzo F. Garcia
Chief United States Magistrate Judge

[3]It is irrelevant that Kavel did not, in fact, file such a motion; the 15-day period is nevertheless to be added to the tolling period. Serrano v. Williams, 383 F.3d 1181, 1185-86 (10th Cir. 2004).